Williams, J.
The principal question which the record brings before us, is whether the judgment and order of the court of common pleas here under review are incompatible with section 15 of the Bill of Rights. The circuit court held them to be so, and on that ground, reversed them. That section of the constitution provides that: “No person, shall be imprisoned for debt in any civil action, on mesne or final process, unless in case of fraud.” The question here is not embarrassed by any feature of fraud, for it is disclaimed there was any fraud on the part of Becker in obtaining the delivery of the attached property to him by the sheriff, or any on the part of either of the defendants in error in incurring the obligation upon which the judgment and order in question were founded. The property was delivered by the sheriff in pursuance of a provision of the statute, upon the acceptance by him of the proper undertaking with sufficient sureties, as therein provided. No bad faith or fraud is imputed to any of the parties in the transaction. Nor, is it disputed that the judgment and order were rendered in a civil action. Imprisonment thereunder would be imprisonment on process in such action. The constitutional provision is not to be construed as confined to arrests upon writs. White v. Gates, 42 Ohio St., 109-110. The point in controversy is whether imprisonment under the order would be imprisonment for debt, within the purview of the constitutional provision referred to. The proceeding in contempt was founded *294 on the order of the court entered as part of the judgment recovered by the Bank in its action against Becker on his two notes; and the primary object of that order was to procure the redelivery of the property attached in' that action, to the sheriff' for sale for the satisfaction of the Bank’s judgment. Notwithstanding the sureties on the undertaking given by Becker for the redelivery of the property were not parties to that action, the order ran against them as well as Becker. It directed that they all should “within three days from the service of the order redeliver to the sheriff all of said property, or in default thereof that they should “forthwith pay to the sheriff, the judgment recovered by the Bank against Becker, with interest and costs.” Upon the hearing on the rule issued in the contempt proceeding for failure to comply with that order, the court, presumably, was satisfied, as indicated in the bill of excejjtions, that the parties were unable to comply with that part of the order which required the redelivery of the property, for it simply rendered a general judgment against all of the parties for the amount of the judgment which the Bank had theretofore recovered against Becker, and entered an order against all of them, that if they did not pay the judgment within twenty-four hours, they should “be committed to, and imprisoned in, the county jail;” until they should pay it. It is this judgment and order which the circuit court reversed.
It seems indisputable that the money due the Bank on its judgment against Becker, is a debt. Payment of that debt was the only means, under the order complained of, by which the defendants in error could escape imprisonment in the county jail. The end sought by the order, and its sole purpose, was to coerce payment by imprisonment. The first judgment against Becker acquired no additional force by the rendition of the second one against him for the same debt, nor any additional means or remedy for the en *295 forcement of its collection, except by his imprisonment for its non-payment; and the order against his sureties had no other object than to enforce performance by them of their obligation for the principal, by subjecting them to imprisonment for the principal’s default in making payment of the judgment against him. The observation is pertinent here that the obligation of the sureties on the undertaking is not to redeliver the attached property to the sheriff, nor that Becker should redeliver it. By its terms the undertaking binds the obligors for the payment of a sum of money to the sheriff, and the forthcoming of the property, according to its condition, to answer the judgment that should be recovered in the action, is merely a mode provided for discharging the money obligation. It is clear the sureties did not contract to undergo incarceration in prison for any default of the principal in the performance of the condition of the undertaking, and that their liability upon it is a debt arising upon contract. The constitutions of most of the states contain a prohibition against imprisonment for debt, substantially like that in ours, and the authorities hold with general unanimity that the word debt, within the constitutional inhibition, includes not only debts of record, judgments, and specialties, but generally all obligations arising upon contract, express or implied; and some of the courts give the word a still larger meaning.
The real contention of counsel for the plaintiff in error is, that the judgment and order under consideration are justified by section 5556, of the Revised Statutes, and other statutory provisions therein referred to. That section provides that “The court may compel the delivery to the sheriff for sale of any of the attached property for which an undertaking has been given, and may proceed summarily on such undertaking to enforce the delivery of the property or the payment of the money due upon the undertak *296 ing by rules and attachment as in cases of contempt.” And it is provided by sections 5640, and 5646, which relate to proceedings in contempt, that disobedience of, or resistance to, an order or judgment of a court may'be punished as for a contempt; and that when the contempt consists in the omission to do an act which is yet in the power of the accused to perform, he may be imprisoned until he performs it. It is unnecessary in this case to hold these statutory provisions, or any of them, unconstitutional; but to avoid that result, they should be so construed, and restrained in their operation, as not to bring them in conflict with the inhibition of the constitution; and their provisions, so far as they interfere with personal liberty, must receive a strict construction. Spice v. Steinruck, 14 Ohio St., 213. White v. Gates. 42 Ohio St., 109, 112. It is not in every case of contempt that imprisonment may be imposed as a punishment. There are many orders and commands of courts, other than those for the payment of a debt, or the enforcement of a judgment upon a money obligation, to which the statutes may have appropriate application. Of this class, it has been held, are orders to deliver property in the possession of a party, or turn over moneys in his hands, to a receiver. Re Milburn, 59 Wis., 24-31; orders not to transfer or dispose of property pending a litig'ation; Re Perry, 30 Wis., 269; and others of a like nature. But the order complained of in this case was not of that character. It was not to deliver any of the attached property then in the possession of the defendants; they had none in their possession. Nor was it to turn over any money in their hands belonging to the plaintiff; they were not the custodians of any fund. It was strictly an order for the payment of a debt, namely, for the payment of a specified amount of money in satisfaction of a judgment rendered against them, and. in default of such payment, to stand committed. This order was therefore erroneous, and was properly reversed. And, *297 we think the judgment rendered against the sureties was also. As has already been noticed, they were not parties to the original action against Becker, nor before the court, either by process or appearance, when the order was entered in that action requiring them to redeliver the attached property to the sheriff or pay the judgment then rendered in favor of the Bank against Becker. The court was therefore without jurisdiction to make the order that was then entered against them. That order was the foundation of the subsequent proceeding for contempt. In that proceeding they were only notified to show cause why they had not redelivered the property in compliance with the previous order. No suit was brought against them on the undertaking, nor opportunity given them to plead or make defense to any claim of liability thereon, or be heard according to the usual course of legal proceedings. It can scarcely be claimed that this was due process of law.

Judgment affirmed.